## IN THE CIRCUIT COURT OF MARYLAND
## FOR MONTGOMERY COUNTY

JAMES SAVARY
13621 DEMETRIAS WAY
GERMANTOWN, MARYLAND 20874

            **JURY TRIAL DEMANDED**

        Plaintiff,

        v.

CODY TOWING AND RECOVERY, INC.
11339 HIGHLAND SCHOOL ROAD
MYERSVILLE, MARYLAND 21773
      Serve On:    Bruce Jett
                      11339 Highland School Road
                      Myersville, MD 21773        Case No. _____

        Defendant.

---

### COMPLAINT

    Plaintiff James Savary, by and through his attorney Cory L. Zajdel of Z LAW, LLC, allege and states as follows:

### I.    INTRODUCTION

    1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant Cody Towing and Recovery, Inc.'s violations all of which occurred within one year from the filing date of this Complaint.

**EXHIBIT**

*A*

2.   The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

II.   **PARTIES**

4.      Plaintiff James Savary ("Savary") is a natural person currently residing at 13621 Demetrias Way, Germantown, MD 20874 (Montgomery County), is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

5.      Defendant Cody Towing and Recovery, Inc. ("Cody Towing"), is a corporation formed under the laws of the state of Maryland with its principal place of business located at 11339 Highland School Road, Myersville, Maryland 21773 (Frederick County) and with its physical operations located at 7011 Baltimore National Pike, Frederick, Maryland 21702 (Frederick County).

6.      At all times relevant to this Complaint, Cody Towing transacted business in the District of Maryland and at other locations throughout Maryland, engaged in the business of repossessing vehicles and other property, operating as a collection agency, repossession company, enforcer of security interests, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

2

7.     On information and belief, during the calendar year 2009, the same year Cody Towing repossessed Plaintiff's vehicle, Cody Towing repossessed at least 100 vehicles in the state of Maryland.

## III.     JURISDICTION AND VENUE

8.     Jurisdiction of this Court arises for Count One is invoked pursuant to 15 U.S.C. § 1692k(d).

9.     Jurisdiction of this Court for the Second, Third and Fourth Counts are invoked pursuant to Md. Code Ann., Cts. & Jud. Proc. § 4-401.

10.     This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et seq.* and MCDCA, § 14-201 *et seq.*

11.     Because Defendant regularly does business within the State of Maryland, personal jurisdiction is established.

12.     Venue is proper in the District Court for Montgomery County because underlying factual allegations of this Complaint took place in Montgomery County.  As discussed in great detail below, Defendant repossessed Plaintiff's motor vehicle in Montgomery County without a lawful right to do so and in so attempted to collect a debt in October 2009 that is the basis for this action and the underlying property subject to that suit is located in Montgomery County, Maryland.

## IV.     FACTUAL ALLEGATIONS

13.     Plaintiff purchased a 2006 Polaris ATV from Criswell Power Sport, LLC in Maryland and financed the purchase through Mariner Finance, LLC (f/k/a Finance Maryland, LLC) ("Mariner Finance") on April 10, 2006.

14.     Plaintiffs entered into a Retail Installment Sales Contract ("RISC") and a closed ended loan with Mariner Finance on that same day, which is a financial obligation that was

3

primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5). (RISC attached hereto as **EXHIBIT 1**).

15.     The RISC affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (i.e. Maryland's Credit Grantor Closed End Credit Provisions – hereafter "CLEC").

16.     As part of the April 10, 2006 transaction, Mariner Finance took a lien on the Polaris ATV and Criswell Power Sport, LLC charged Savary at least twenty dollars ($20) to file Mariner Finance's security interest in the Polaris ATV with the state of Maryland.

17.     The RISC specifically states that "[y]ou are giving a security interest in the vehicle being purchased."

18.     Accordingly, Savary agreed to have the 2006 Polaris ATV act as collateral and for security to Criswell Power Sport, LLC and later Mariner Finance for the extension of credit contained in the RISC at a stated simple interest rate of nineteen and ninety-eight hundredths of a percent a year (19.98%/year).

19.     Plaintiff became delinquent on said motor vehicle closed end credit loan and was unable to make monthly payments due to circumstances beyond his control.

20.     On or about early October 2009, more than three years after the 2006 Polaris ATV was purchased, Cody Towing went to Savary's home in response to a request from Mariner Finance to repossess Savary's 2006 Polaris ATV.

21.     Cody Towing, through its agents and/or employees entered upon Savary's property attempting to and actually repossessing Savary's 2006 Polaris ATV.

22.     At some time prior to the purchase of the Polaris ATV, Savary purchased a 2004 Chevrolet Truck and acquired title to said vehicle.

4

23.     Savary was the sole owner of the 2004 Chevy Truck at the time of purchase through the present date.

24.     Savary did not agree to, contract for or negotiate the right to take a security interest or lien on the title to Savary's 2004 Chevrolet Truck as part of his RISC with Criswell Motor Sport, LLC or Mariner Finance.

25.     The RISC attached hereto as **Exhibit 1** never refers to or mentions Savary's 2004 Chevy Truck.

26.     Even though Mariner Finance had no security interest in Savary's 2004 Chevy Truck, on or around early October 2009, more than three years after the 2006 Polaris ATV was purchased, Savary's 2004 Chevy Truck was seized and repossessed by Mariner Finance through its agents Cody Towing without any legal right to do so.

27.     Cody Towing went to Savary's home in response to a request from Mariner Finance to repossess Savary's 2006 Polaris ATV.

28.     Cody Towing, through its agents and/or employees entered upon Savary's property attempting to and actually repossessing Savary's 2006 Polaris ATV.

29.     Cody Towing had no legal right to repossess Savary's 2004 Chevy Truck because Mariner Finance had not created a security interest in the 2004 Chevy Truck at the time Savary entered into the RISC and no security interest existed in favor of Mariner Finance at the time the 2004 Chevy Truck was repossessed.

30.     Cody Towing also could not have a reasonable expectation that a security interest existed in the 2004 Chevy Truck because Mariner Finance had no documents in its possession that could have been forwarded to Cody Towing showing Cody Towing that it was entitled to repossess the 2004 Chevy Truck.

5

31.    At all times relevant to this complaint, Cody Towing acted as the agent of Mariner Finance in its efforts to repossess the 2004 Chevy Truck and to collect the alleged debt and therefore Cody Towing is liable for its own acts.

32.    Cody Towing's actions in repossessing Savary's 2004 Chevy Truck were unconscionable and were unfair practices since the 2004 Chevy Truck was not secured by the RISC that was allegedly in default.

33.    While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

34.    As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiffs have sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

V.    **CAUSES OF ACTION**

**COUNT I**
**(FAIR DEBT COLLECTION PRACTICES ACT)**

35.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.    FDCPA, 15 U.S.C. § 1692f(6) strictly prohibits a debt collector from "[t]aking or threatening to take any non-judicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ."

6

37.     Cody Towing dispossessed Plaintiff Baron of his 2004 Chevy Truck on or about early October 2009.

38.     On or about early October 2009, Mariner Finance did not have an enforceable security interest in the 2004 Chevy Truck.

39.     In fact, at no time has Mariner Finance ever had an enforceable security interest in the 2004 Chevy Truck.

40.     Therefore, Cody Towing never had a right to take Savary's property.

41.     This wrongful behavior was conducted intentionally, maliciously, or with reckless disregard for Savary's rights and interests.

42.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Savary has sustained actual damages, out of pocket expenses, loss of income, the infliction of severe emotional and psychological distress, fear.

43.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); punitive damages and, reasonable attorney's fees and costs.

**COUNT TWO**
**(MARYLAND CONSUMER DEBT COLLECTION ACT)**

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law §§ 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist[.]" § 14-202(8).

7

46.    As a "collector" and "person" under the MCDCA, § 14-201(b) and (d),

Cody Towing and its agents and employees are prohibited from abusing or harassing Plaintiffs in

any way enumerated in MCDCA § 14-202 while collecting or attempting to collect an alleged

debt.

47.    Cody Towing, through its agents and employees claimed an interest in Savary's

2004 Chevy truck on behalf of Mariner Finance with knowledge that Mariner Finance did not

have such a right.

48.    Cody Towing, through its agents and employees attempted to and did enforce

repossession rights on Savary's 2004 Chevy truck with knowledge that Mariner Finance had no

interest in the truck.

49.    The foregoing acts and omissions of the Defendant constitutes numerous and

multiple violations of the MCDCA, including but not limited to each of the above-cited

provisions of the MCDCA, § 14-202.

50.    As a result of Defendant's harassing and abusive debt collection practices in

violation of the MCDCA, Defendant caused Savary personal injury, loss of income, the infliction

of severe emotional and psychological distress and mental anguish, and fear.

**COUNT THREE**
**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT**

51.    Plaintiff re-alleges and incorporates by reference the allegations set forth above,

and further alleges:

52.    Maryland's Consumer Protection Act ("CPA"), Md. Code Ann., Comm. Law §§

13-101, *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices,

*inter alia,* in the extension of consumer credit and in the collection of consumer debts.  §§ 13-

303(3) and (4).

8

53.     As a "person" under the CPA, § 13-101(h), Cody Towing is prohibited from engaging in unfair and deceptive trade practices.

54.     The CPA, § 13-301(1), specifically prohibits Cody Towing from making any false or misleading oral or written statement or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers.

55.     The CPA, § 13-301(3), further prohibits Defendants from failing to state a material fact if the failure deceives or tends to deceive.

56.     In violation of the CPA, §§ 13-303(3) - (4) and § 13-301(3), Cody Towing misrepresented to Savary that:

> (a) there was a valid security interest in the 2004 Chevy Truck; and
>
> (b) that Mariner Finance and/or Cody Towing had the right to seize the 2006 Chevy Truck.

57.     In violation of the CPA, §§ 13-303(3) - (4) and § 13-301(3), Defendants committed unfair and deceptive practices by wrongfully taking the 2006 Chevy Truck without a security interest.

58.     Cody Towing committed unfair and deceptive practices by collecting and attempting to collect on an alleged debt which, in fact, was not due and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, §13-101, *et seq.*, including §§ 13-303(3) and (4), and §§ 13-301(1) and (3).

59.     As a result of Cody Towing's unfair and deceptive practices in violation of the Maryland CPA, Plaintiff suffered actual damages, the infliction of severe emotional and psychological distress as well as humiliation in front of neighbors.

60.     This wrongful behavior was conducted intentionally, maliciously, or with reckless disregard for Consumer's rights and interests.

## COUNT FOUR
## CONVERSION IN THE ABSENCE OF SECURITY INTEREST

61.    Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

62.    There is no valid security interest in the 2004 Chevy Truck because Criswell Motor Sport, LLC and/or Mariner Finance did not include a description of the personal property in the RISC governing the loan obligation between Savary and Mariner Finance.

63.    Absent a valid security interest, Mariner Finance and therefore Cody Towing had no legal right to possession of the 2004 Chevy Truck and Cody Towing's repossession of the 2004 Chevy Truck without Savary's consent constituted a wrongful taking and conversion of the 2004 Chevy Truck.

64.    As a result, Cody Towing intentionally deprived Savary of his rightful possession of the vehicle.

65.    Savary was damaged by Cody Towing's wrongful repossession.

66.    This wrongful behavior was conducted intentionally, maliciously, or with reckless disregard for Savary's contractual and personal rights and interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

- For an order declaring that Defendant's actions as described above are in violation of the FDCPA and MCDCA;

- for an award of actual, compensatory damages and punitive damages pursuant to 15 U.S.C. § 1692k against each and every Defendant including an award for emotional distress and mental anguish in the amount of $250,000.00;

10

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against each and every Defendant.

- for an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203 in the amount of $250,000.00;

- for an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- for $250,000 actual damages and $1,000,000 in punitive damages for its violations of Count IV;

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.

Respectfully submitted,

**Z LAW, LLC**

Dated: June 24, 2010

Cory L. Zajdel, Esq.
8830 Orchard Tree Lane, Ste. 117
Towson, MD 21286
T. (443) 632-3010
E. clz@zlawmaryland.com

Attorneys for Plaintiffs

11

## JURY TRIAL

James Savary demands trial by jury.

_____
Cory L. Zajdel

12